**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ELLISA SILVA MONREAL, on behalf of plaintiff and the class members described below, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| PRAXIS FINANCIAL SOLUTIONS, INCORPORATED; and RAZOR CAPITAL, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Ellisa Silva Monreal brings this action to secure redress from unlawful collection practices engaged in by defendants Praxis Financial Solutions, Incorporated ("Praxis") and Razor Capital, LLC ("Razor"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because Praxis is located in this District and Razor's liability results from its hiring Praxis to perform collection services at its offices within this District.

### PARTIES

4. Plaintiff Ellisa Silva Monreal is an individual who resides in Texas.

5. Defendant Praxis is an Illinois corporation with principal offices at 7301 N. Lincoln Avenue, Lincolnwood, IL 60712.

6. Defendant Praxis is engaged in the business of using the mails and telephone

system to collect consumer debts originally owed to others.

7. Defendant Praxis is a debt collector as defined in the FDCPA.

8. Defendant Razor is a limited liability company with principal offices located at 8000 Norman Center Drive, Suite 115, Bloomington, Minnesota 55437. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9. Razor is engaged in the business of purchasing or claiming to purchase debts for pennies on the dollar and attempting to collect them.

10. Razor uses the mails and telephone system in connection with its business.

11. Razor is a debt collector as defined in the FDCPA.

12. All actions of Praxis complained of herein were carried out as authorized agent of Razor.

**FACTS**

13. On or about Oct. 3, 2014, defendant Praxis, as agent of Razor, sent plaintiff the letter attached as Exhibit A through the United States Mail.

14. Exhibit A sought to collect an alleged debt incurred for personal, family or household purposes and not for business purposes.

15. Exhibit A was sent in a window envelope which displayed the account number assigned to plaintiff by Praxis or Razor.

16. Both Exhibit A and the envelope in which it was sent were printed forms, prepared and folded in a standard manner. Exhibit A has bar coded addresses and return addresses, required for a discounted postage rate when 200 or more similar pieces of mail are sent at once.

**COUNT I – FDCPA**

17. Plaintiff incorporates paragraphs 1-16.

18. The display of the account number violated 15 U.S.C. §1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014).

19. Section 1692f provides:

**§ 1692f.    Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(8)    Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

## CLASS ALLEGATIONS

20. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

21. The class consists of (a) all individuals with Texas addresses (b) to whom Praxis sent a letter on behalf of Razor (c) in a window envelope (d) that displayed an account number above the address (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

22. The class is so numerous that joinder of all members is not practicable. On information and belief, based on the use of a form letter, there are at least 40 members of the class.

23. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Exhibit A displays an account number through the address window.

24. Plaintiff's claims are typical of the claims of the class members. All are based on the same common questions of law and fact.

25. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

26. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

    b.  Members of the class are likely to be unaware of their rights;

    c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i.  Statutory damages;

    ii.  Attorney's fees, litigation expenses and costs of suit;

    iii.  Such other and further relief as the Court deems proper.

          s/Daniel A. Edelman
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

Andrew T. Thomasson
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
(201) 479-9969
(855) 479-9969 (FAX)
E-Mail: andrew@thomassonllc.com

**NOTICE OF LIEN AND ASSIGNMENT**

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

                                        s/Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

Pro hac vice motion to be filed:

Andrew T. Thomasson
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
(201) 479-9969
(855) 479-9969 (FAX)
E-Mail: andrew@thomassonllc.com

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/Daniel A. Edelman
Daniel A. Edelman

T:\30544\Pleading\Complaint DAE 11-18-14_Pleading.wpd