**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ELLISA SILVA MONREAL,
on behalf of plaintiff and the class members
described below,

        Plaintiff,

  vs.

PRAXIS FINANCIAL SOLUTIONS,
INCORPORATED; and RAZOR CAPITAL,
LLC,

        Defendants.

Case No.: 1:14-cv-9673

Hon. Gary Feinerman
Magistrate Judge Susan Cox

## PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff, ELLISA SILVA MONREAL ("Plaintiff" or "MONREAL"), on behalf of herself and all others similarly situated, by way of this Class Action Complaint against Defendants, PRAXIS FINANCIAL SOLUTIONS, INCORPORATED ("PRAXIS") and RAZOR CAPITAL, LLC ("RAZOR") (collectively referred to as "Defendants"), says:

## I. PARTIES

1.    MONREAL is a natural person.

2.    At all times relevant to this complaint, MONREAL has been a citizen of, and resided in, the City of San Antonio, Bexar County, Texas.

3.    At all times relevant to this complaint, PRAXIS is a for-profit corporation existing pursuant to the laws of Illinois. PRAXIS maintains its principal place of business at 1350 East Touhy Avenue, Suite 100E, City of Des Plaines, Cook County, Illinois.

4.    At all times relevant to this complaint, RAZOR a for-profit limited liability company existing pursuant to the laws of the State of Delaware. RAZOR maintains its principal

business address at 500 Summit Lake Drive, Valhalla, Westchester County, New York.

## II. JURISDICTION & VENUE

5.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

6.      Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the each of the Defendants is subject to personal jurisdiction in the State of Illinois at the time this action is commenced.

## III. PRELIMINARY STATEMENT

7.      Plaintiff, on her own behalf and on behalf of the class she seeks to represent, and demanding a trial by jury, brings this action for the illegal practices of the Defendants who collectively used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiff and others. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

8.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against

debt collection abuses. 15 U.S.C. § 1692(a) - (e).

9.      The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

10.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

11.     To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. § 1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8). Among these *per se* violations are: the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. § 1692f(1); and using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business 15 U.S.C. § 1692f(8).

12.     The Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

13.     The Plaintiff, on behalf of herself and all others similarly situated, requests that she and the class members be awarded statutory, common law, or actual damages payable by the Defendant.

14.     This case involves an obligation, or an alleged obligation, primarily for personal, family, or household purposes, and arising from a transaction or alleged transaction. As such, this action arises out of "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

## IV. FACTS CONCERNING PLAINTIFF

15.     Sometime prior to October 3, 2014, Plaintiff allegedly incurred a financial credit card obligation to "Chase Manhattan Bank/Pier 1 Imports" ("Chase Obligation").

16.     The Chase Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17.     The Chase Obligation arose out of a transaction in which the money, property, insurance, or services are the subject of the transaction that are primarily for personal, family, household purposes.

18.     At some point after Plaintiff's alleged default, the original creditor of the Chase Obligation determined that the debt was uncollectable, and therefore decided to "charge-off" the debt.

19.     Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

20.     Plaintiff is informed and believes, and on that basis alleges, that after concluding the Chase Obligation was in default, the creditor charged-off the account and, together with hundreds or thousands of other charged-off open-ended consumer credit accounts, sold the debt to an unknown purchaser(s) of defaulted consumer debts.

21.     Defendants contend that the Chase Obligation is in default.

22.     The alleged Chase Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to October 3, 2014, the creditor of the Chase Obligation either directly or through intermediate transactions, assigned, placed, transferred, or sold the debt to RAZOR for collection.

25.     Plaintiff is informed and believes, and on that basis alleges, that RAZOR is a debt collection company that specializes in acquiring, collecting, and liquidating defaulted consumer receivables.

26.     RAZOR collects, and attempts to collect, defaulted consumer debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of itself and other debt buyers using the U.S. Mail, telephone, and Internet.

27.     In connection with its debt servicing operations, RAZOR routinely hires other debt collectors, such PRAXIS, to send dunning letters to consumers in an effort to collect money on the defaulted consumer debts RAZOR acquires.

28.     RAZOR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29.     RAZOR is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

30.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to October 3, 2014, and within the one-year period immediately preceding the filing of the initial complaint in this action, RAZOR either directly or through intermediate transactions assigned, placed, or transferred the Chase Obligation to PRAXIS for collection.

31.     At all times relevant to this complaint, RAZOR controlled the policies and practices of PRAXIS concerning its collection of defaulted debts RAZOR placed with PRAXIS for collection.

32.     At all times relevant to this complaint, RAZOR regularly conducted oversight of PRAXIS's policies, procedures, methods, and practices concerning PRAXIS's efforts to collect the defaulted debts RAZOR placed with PRAXIS.

33.     PRAXIS collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

34.     PRAXIS is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

35.     PRAXIS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

36.     On or about October 3, 2014, PRAXIS mailed a collection letter concerning the Chase Obligation, which is dated October 3, 2014. ("10/3/2014 Letter"). A true and correct copy

of the 10/3/2014 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

37.     The 10/3/2014 Letter was sent, or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

38.     The 10/3/2014 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

39.     The 10/3/2014 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

40.     ***Exhibit A*** was mailed to Plaintiff in a window envelope, which visibly displayed Plaintiff's financial account number assigned by PRAXIS and/or its principal, RAZOR.

41.     The display of Plaintiff's financial account number violated 15 U.S.C. §1692f(8). *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

42.     Plaintiff is informed and believes, and on that basis alleges, that the cardmember agreement applicable to the Chase Obligation contains a Delaware choice of law provision and, therefore, Delaware law applies to Defendants' claims for payment of the Chase Obligation.

43.     Pursuant to Del. Code. Ann. Tit. 10 § 8106, the statute of limitations is 3 years for filing suit to collect a credit card debt.

44.     Pursuant to Chapter 16.004 of the Texas Civil Practice & Remedies Code, the statute of limitations is 4 years for filing suit to collect a credit card debt such as the Chase Obligation.

45.     As of October 3, 2014, more than 7 years had elapsed since the Chase Obligation was charged-off by the original creditor.

46.     As of October 3, 2014, more than 7 years had elapsed since the date of the last

payment or activity concerning the Chase Obligation.

47.     After purchasing defaulted consumer debts, RAZOR, through its agents, such as PRAXIS, undertakes various means to collect these debts from consumers such as Plaintiff by, *inter alia*, engaging in a campaign sending thousands of dunning collection letters in the form attached hereto as **Exhibit A**, which offer to settle a consumer's defaulted financial obligation for a large "discount" that is only available for a limited time for the consumer to accept.

48.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants have no legal right or basis to file a lawsuit against Plaintiff or other similarly situated consumers in the State of Texas to collect defaulted credit card debts that are more than four years old, such as the Chase Obligation, as those debts are legally non-enforceable.

49.     RAZOR and PRAXIS regularly attempt to collect defaulted consumer debts on which the statute of limitations has expired.

50.     PRAXIS regularly sends letters to consumers in the State of Texas, in the form of **Exhibit A**, in an effort to collect defaulted debts on which the statute of limitations has expired.

51.     PRAXIS regularly sends letters on behalf of RAZOR to consumers in the State of Texas, in the form of **Exhibit A**, in an effort to collect defaulted debts on which the statute of limitations has expired.

52.     The 10/3/2014 Letter offers states that if the Chase Obligation is paid, RAZOR "will notify the appropriate credit agencies (if applicable) that this account has been SETTLED IN FULL." (Emphasis in original).

53.     The statement that RAZOR "will notify the appropriate credit agencies (if applicable) that this account has been SETTLED IN FULL" is false, deceptive, and misleading because, *inter alia*, RAZOR is not legally permitted to report or continue to report the Chase

Obligation to the credit reporting agencies in the first instance.

54.     Pursuant to 15 U.S.C. § 1681c(a)(4), credit reporting agencies cannot legally report a debt charged off more than 7 years previously.

55.     Nothing in the 10/3/2014 Letter disclosed that RAZOR was legally prohibited from reporting the Chase Obligation – in any manner – to any credit reporting agencies.

56.     PRAXIS regularly sends letters to consumers in the State of Texas, in the form of *Exhibit A*, that offer to settle defaulted debts on which the statute of limitations has expired.

57.     PRAXIS regularly sends letters on behalf of RAZOR to consumers in the State of Texas, in the form of *Exhibit A*, that offer to settle defaulted debts on which the statute of limitations has expired.

58.     Upon reading the 10/3/2014 Letter, Plaintiff believed, as would an unsophisticated consumer, that she had a legal obligation to pay the Chase Obligation that Defendants were offering to settle and that they might seek to file a lawsuit to collect the debt if she did not accept one of the "settlement options" being offered.

59.     The 10/3/2014 Letter falsely implies that the Chase Obligation is legally enforceable by offering a settlement.

60.     Nothing in the 10/3/2014 Letter disclosed that the debt was barred by the statute of limitations or not legally enforceable.

61.     It is the policy and practice of RAZOR and PRAXIS to send and cause the sending of letters, in the form attached hereto as *Exhibit A*, that seek to collect time-barred debts and do not disclose that the debt is time-barred.

62.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations....

When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm)

63.    In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

64.    On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations...." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

65.    The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

66.    On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The

report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

67.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

68.     Courts have also held that the offer of a settlement on a time-barred debt is misleading. *See e.g., McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

## V.  POLICIES AND PRACTICES COMPLAINED OF

69.     It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as ***Exhibit A***, that offer to settle time-barred debts without disclosure of that fact.

70.     On information and belief the Defendants' collection letters, in the form attached as ***Exhibit A***, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

71.     Plaintiff brings this claim on behalf of four classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

72.     "Class A" consists of (a) all individuals with Texas addresses (b) to whom

PRAXIS mailed a letter on behalf of RAZOR (c) in a window envelope (d) which letter was mailed during the period beginning December 3, 2013, and ending December 23, 2014.

73.     "Class B" consists of (a) all individuals with Texas addresses (b) to whom a collection letter was sent on behalf of RAZOR (c) offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the date of the letter, (e) which letter was mailed during the period beginning December 3, 2013, and ending December 23, 2014.

74.     "Class C" consists of (a) all individuals with Texas addresses (b) to whom PRAXIS (c) sent a collection letter offering a settlement of a debt (d) which debt was a credit card debt on which the last payment or activity had occurred more than four years prior to the date of the letter, (e) which letter was mailed during the period beginning December 3, 2013, and ending December 23, 2014.

75.     "Class D" consists of (a) all individuals with Texas addresses (b) to whom a collection letter was sent on behalf of RAZOR (c) offering a settlement of a debt on which the last payment or activity had occurred more than seven years prior to the date of the letter, (e) which letter stated "will notify the appropriate credit agencies (if applicable) that this account has been SETTLED IN FULL," (f) and which letter was mailed during the period beginning December 3, 2013, and ending December 23, 2014.

76.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or purchases debts.

77.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action and all members of their immediate families.

78.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members.

> i.     With respect to Class A, the principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. § 1692f(8);

> ii.     With respect to Classes B and C, the principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f; and

> iii.     With respect to Class D, the principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10).

79.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

80.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

81.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

(a) **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members.

    (i) With respect to Class A, the principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. § 1692f(8);

    (ii) With respect to Classes B and C, the principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f; and

    (iii) With respect to Class D, the principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10)

(c) **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

82. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

83. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues or limiting the scope pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

84. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

85. Defendants violated the FDCPA. Defendants' violation, with respect to their

written communications in the form attached as ***Exhibit A*** include, but are not limited to, using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business in violation of 15 U.S.C. §§ 1692f and 1692f(8).

### VIII. SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

86.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

87.     Defendants violated the FDCPA. Defendants' violation, with respect to their written communications in the form attached as ***Exhibit A*** include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c)     Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(e)     Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

## IX. THIRD CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

88.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint .

89.      Defendants violated the FDCPA. Defendants' violations with respect to their written communications, in the form attached as ***Exhibit A***, include, but are not limited to, the following:

    (a)    Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

    (b)    Making false threats to take action that cannot legally be taken and/or that is not intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

    (c)    Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8); and

    (d)    Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

## X. PRAYER FOR RELIEF

90.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Classes as follows:

A.     **For the FIRST CAUSE OF ACTION**:

    (1)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing

Plaintiff and the undersigned counsel to represent Class A as previously set forth and defined *supra*;

(2)     An award of the maximum statutory damages for Plaintiff and Class A pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(3)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(4)     For such other and further relief as may be just and proper.

B.     **For the SECOND CAUSE OF ACTION**:

(1)     An order certifying that the Third Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent Classes B and C as previously set forth and defined *supra*;

(2)     An award of the maximum statutory damages for Plaintiff and Classes B and C pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(3)     An award of actual damages for Plaintiff and Classes B and C, including all amounts paid on time-barred debts, pursuant to 15 U.S.C. § 1692k(a)(1);

(4)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(5)     For such other and further relief as may be just and proper.

C.     **For the THIRD CAUSE OF ACTION**:

(1)     An order certifying that the Fourth Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent Class D as previously set forth

and defined *supra*;

(2) An award of the maximum statutory damages for Plaintiff and Class D pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(3) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(4) For such other and further relief as may be just and proper.

## XI. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED: May 4, 2015

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603-3403
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
E-Mail: Hdedelman@edcombs.com

Andrew T. Thomasson, Esq.
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone: (201) 479-9969
Facsimile: (855) 479-9969
E-Mail: andrew@thomassonllc.com

*Attorneys for Plaintiff, Ellisa Silva Monreal, and all others similarly situated*

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman, Esq.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603-3403
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
E-Mail: Hdedelman@edcombs.com

Andrew T. Thomasson, Esq.
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, NJ 07302
Telephone: (201) 479-9969
Facsimile: (855) 479-9969
E-Mail: andrew@thomassonllc.com